## In re STIER MARCH CONTRACTING CO.

### (District Court, E. D. Pennsylvania. November 8, 1916.)

### No. 5505.

1. BANKRUPTCY ☞252—COMPROMISE BY TRUSTEE—APPROVAL BY COURT.

A corporation's schedules in bankruptcy included a steam shovel valued at $2,500. At a sale of the bankrupt's assets, H., the receiver in bankruptcy, withdrew the steam shovel, claiming title thereto. The bankrupt's officers testified that the steam shovel had been sold to H. six months before the petition was filed; but it did not appear that H. was present at the time of the sale, that any price had been agreed on or delivery made, and the only documentary evidence of the sale consisted of an entry on the bankrupt's books and a bill for the shovel sent to H. H.'s son was the company's vice president, and the company was heavily indebted to H. *Held*, that the circumstances were such as to throw upon H. the burden of proving his title, and the trustee's compromise of the claim of the estate against H. for $500 would not be approved, under Bankruptcy Act July 1, 1898, c. 541, § 27, 30 Stat. 553 (Comp. St. 1916, § 9611), making the trustee's power to compromise controversies subject to the approval of the court.

2. BANKRUPTCY ☞114(1)—RECEIVER'S PERSONAL CLAIMS—DUTIES.

It was the duty of a receiver in bankruptcy, claiming in his own right a steam shovel, included in the scheduled assets, to make a full disclosure of all the circumstances in connection with his claim, as he could not faithfully represent the interests of the bankrupt estate at the same time that he was asserting his individual claim of ownership of the principal asset of the estate.

In Bankruptcy. In the matter of the Stier March Contracting Company, bankrupt. On certificate of the referee for review of an order. Order vacated and set aside.

John C. Gilpin, of Philadelphia, Pa., for petitioner.
William Sandberg, of Philadelphia, Pa., for trustee.

THOMPSON, District Judge. The petitioner prays for review of an order of the referee, entered August 11, 1916, granting leave to the trustee to accept the offer of William Henderson for $500 in settlement of all the claims of the bankrupt estate "upon or by reason of a certain steam shovel."

[1] Considerable testimony was taken before the referee upon the question of ownership of the shovel referred to, and a meeting of creditors was called, at which the offer in compromise was approved. The referee thereupon entered the order concerning which complaint is

made. It appears from the testimony that William Henderson was appointed receiver of the bankrupt; that the schedules filed included among the assets a certain steam shovel, valued at $2,500; that a sale was had of the assets of the estate, and the steam shovel withdrawn by the receiver, who claimed title to it in his own right, although it had been included among the articles advertised for sale by the auctioneer. At the time of the withdrawal, the auctioneer offered the receiver $1,-500 for the shovel. In the receiver's account he charged himself with the proceeds of the sale, and at the audit the referee was asked to surcharge him with the value of the steam shovel. Mr. Henderson was nominated trustee; but objection was made because of his interest in the steam shovel, and another person elected trustee. Although the shovel was enumerated among the assets, the officers of the bankrupt company testified before the referee that it had been sold to Mr. Henderson some six months before the petition in bankruptcy was filed. It did not appear that Mr. Henderson was present at the time of the sale, that any price had been agreed upon, or that delivery was made.

[2] It was testified that, after the election of the trustee, Mr. Henderson sold the shovel to one Charles S. A. Booth for $1,200. The documentary evidence of the sale to Henderson consisted of an entry upon the books of the bankrupt company and a bill sent to Mr. Henderson for the shovel at the price of $2,500. The company, of which Mr. Henderson's son was vice president, was heavily indebted to Mr. Henderson at that time. The circumstances are sufficient to cast doubt upon the validity of Mr. Henderson's title. In his position as receiver, there should have been a full disclosure at the time of all the circumstances in connection with his claim, as he could not faithfully represent the interests of the bankrupt estate at the same time that he was asserting his individual claim of ownership of the principal asset of the estate. The trustee surely has a strong claim of title in the bankrupt, and all the facts and circumstances surrounding the transaction should have been diligently inquired into.

Under section 27 of the Bankruptcy Act, the power of the trustee to compromise controversies arising in the administration of the estate is subject to the approval of the court. The evidence in the present case is such as to prima facie throw upon the claimant the burden of proving his title.

The court, therefore, withholds its approval of the compromise. It is ordered that the order of the referee be vacated and set aside.